## Cruz v. Roberts

C.P. of Lancaster County, nos. CI-04-01947, CI-03-05694.

*I. Steven Levy, Mary E. Dixon* and *Christopher E. Ballod,* for plaintiffs Cruz and Olan.

*Carl H. Delacato Jr.,* for defendant Herman's Day Care (CI-03-05694).

*Stephen L. Banko Jr.,* for defendant Herman's Day Care (CI-04-01947).

*Stephen W. Cody,* for defendant Beiler.

PEREZOUS, *J.,* June 22, 2005—This matter is before the court on the plaintiffs' motion to consolidate the above-captioned matters. The plaintiffs, Mary Cruz, in her own right and on behalf of her minor daughter Elizabeth Sanchez, and Jessica Olan contend that consolidation of their respective cases is appropriate under Pa.R.C.P. 213. They argue that (1) both actions contain common questions of law and fact, and (2) judicial economy warrants consolidation. Defendants, Dorothy M. Roberts and Harriet A. Herman, individually and t/d/b/a Herman's Day Care Center and Herman's Day Care Center, set forth that (1) the two cases are distinct and separate, and (2) consolidation of the cases for trial would be prejudicial. Nevertheless, defendants concede that consolidation of the cases for the purpose of discovery is warranted. For the following reasons, this court

refuses to consolidate the two matters for trial. However, consolidation of the matters for the sole purpose of discovery is appropriate.

Both cases arise out of incidents that occurred at defendants' day care center. In the *Cruz* matter, the plaintiff avers that her minor daughter was physically and sexually abused by Benuel F. Beiler, an alleged employee of the center, on August 22, 2002. In the *Olan* matter, the plaintiff alleges that she was assaulted on five or more occasions by Mr. Beiler during the summers of 1992 and 1993 while she attended the day care center. There does not appear to be any indication that Ms. Olan informed the defendants or any other person of these assaults prior to the 2002 incident. It was not until Beiler's arrest was reported in the local newspaper that Ms. Olan came forward to report the alleged misconduct that occurred in 1992/1993.

The defendants deny any prior knowledge of any propensity or inclination on the part of Beiler to molest children prior to any of the alleged assaults. Furthermore, the defendants contend that he was not an employee of the center, but was an independent contractor who merely performed "handy-man" services there. Nevertheless, in both cases, the plaintiffs allege that defendants violated numerous duties owed to them, such as failing to conduct a full and complete background check of their employee, and allowing him to remain in their employ despite knowledge of the harm he posed to children at the center.

The Pennsylvania Rules of Civil Procedure provide:

"In actions pending in a county which involve a common question of law or fact or which arise from the same

transaction or occurrence, the court . . . may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay." Pa.R.C.P. 213(a).

Furthermore, "[t]he court, in furtherance of convenience or to avoid prejudice, may . . . order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues." Pa.R.C.P. 213(b).

Consolidation is allowed in order to avoid "multiple trials and proceedings involving common facts or issues or arising from the same transaction or occurrence." Pa.R.C.P. 213 Explanatory comment. "The duplication of efforts is a benefit to both the parties and the courts." *Id.* Other benefits include "the prevention of inconsistent verdicts . . . the elimination of trial delays, speedier litigation, and the reduction of expenses for the parties." 3 Standard Pa. Practice §19:17. It is important, however, to weigh these benefits against any possible prejudice to the parties.

The decision to consolidate cases is permissive and entirely within the discretion of the trial court. Pa.R.C.P. 213 Explanatory comment; *Corbett v. Weisband,* 380 Pa. Super. 292, 316, 551 A.2d 1059, 1071 (1989). Commentators have noted that the possibility of prejudice is a key factor to evaluate in deciding whether to consolidate cases for trial purposes:

"Despite a court's broad discretion to order that separate actions involving a common question of law or fact be tried together, such an order should not be entered where prejudice to the rights of any party would result.

. . . The consolidation of actions into a single action is improper where such consolidation prejudices the rights of one or more of the parties. . . . Where the facts of one case might prejudice the jury against the defendants in a related case . . . consolidation should not occur, albeit the necessary commonality of law or fact questions otherwise abounds." 3 Standard Pa. Practice 2d §19:5. (citations omitted)

Similarly, courts should exercise their discretion cautiously where jury confusion could result from joining divergent factual scenarios. 3 Standard Pa. Practice 2d §19:6; see *Motorists Mutual Insurance Co. v. Miller,* 41 D.&C.3d 630, 631 (1986).

Furthermore, the Supreme Court of Pennsylvania has stated that it is appropriate to refuse consolidation of separate actions where the jury may be influenced by sympathy for a plaintiff to the prejudice of the defendants. *Balla v. Sladek,* 381 Pa. 85, 90, 112 A.2d 156, 159 (1955). In other cases, "[t]he court may refuse consolidation where the common question of law or fact is not of sufficient significance in the various actions to justify their being combined or where the consolidation might cause prejudice or result in over-complication of issues." *Limbert v. Sealview Plastics Inc.,* 17 D.&C.2d 785, 786 (1959) (quoting 2 Anderson Pa. Civ. Prac. §69). With these standards in mind, this court is opposed to consolidating the cases for trial.

Although consolidation for the purpose of discovery would reduce expenses for the parties and streamline the litigation of the matters, consolidation for trial would be inappropriate. No common questions of law and/or fact warrant consolidation of the cases. At issue in the cases is not the assault of one girl, but two. In addition, these

assaults occurred approximately a decade apart and would undeniably involve differing factual scenarios. Furthermore, the questions regarding the defendants' awareness of Beiler's propensity to assault children relate to two separate and distinct events and time periods.

Consolidation would further result in prejudice to the defendants and poses a risk of confusing the jury. A single jury, hearing both matters, might be confused by the unusual and significant chronological separation between the two alleged incidents. For instance, it appears that Ms. Olan never informed anyone of the 1992/1993 assaults prior to the 2002 incident. By trying the two matters together, the jury might wrongly conclude that the defendants knew, or at least should have known, of that prior assault. Upon hearing that a young girl was previously assaulted by the same man who then assaulted another young girl, a jury could be improperly swayed and/or confused by such information. More likely, the defendants will be prejudiced by such evidence, regardless of how this court instructs the jury to view the evidence. Once a jury hears of the 1992/1993 assault, knowledge of that incident might be imputed onto all of the defendants, thereby prejudicing the defendants in relation to the 2002 incident. Therefore, this court cannot consolidate the matters for trial.

Accordingly, the court enters the following:

## ORDER

And now, June 25, 2005, upon consideration of the plaintiffs' motion to consolidate the cases of *Cruz v. Dorothy M. Roberts,* no. CI-04-01947 and *Olan v. Dorothy M. Roberts,* no. CI-03-05694, and the responses and support-

ing papers filed by the parties, it is hereby ordered that the motion is denied, in part, and granted, in part:

(1) The motion is granted for the purposes of discovery only. It is further ordered the lead case is designated *Cruz v. Dorothy Roberts,* and all deadlines and dates for that case are applicable in the consolidated matters.

(2) The motion is denied as it relates to the consolidation of the cases for trial. The matters shall be tried before two separate juries in order to avoid prejudice to the defendants and confusion on the part of the jury.